UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYAN WHITLOW,
    Petitioner,

vs

ERNIE MOORE, WARDEN,
    Respondent.

Case No. 1:05cv716
Dlott, J.
Black, M.J.

ORDER AND REPORT
AND RECOMMENDATION

    This case is before the Court on petitioner's motion to strike and/or withdraw Grounds Three and Four of the petition for writ of habeas corpus "without prejudice." (Doc. 7). Petitioner, without explanation, requests that Grounds Three and Four of the petition be withdrawn and that the Court grant a writ of habeas corpus on the basis of the claims raised in Grounds One and Two of the petition. *Id.* For the reasons that follow, the motion must be denied.

    Ground Four of the petition alleges that petitioner's "convictions were obtained against the manifest weight of the evidence because there was no physical evidence tying him to the crimes and because the state witnesses were not credible as no one testified to actually witnessing defendant shoot his gun." (Doc. 1 at 10). The motion to withdraw this Ground Four of the petition without prejudice to refiling must be denied, however, because the claim raised therein is not cognizable in habeas corpus, and, therefore, any refiling of the claim would be futile and would unnecessarily require the expenditure of additional judicial resources to address such non-cognizable claim.

    Stated simply, a "manifest weight of evidence" claim, which is based on a state law concept that is "both quantitatively and qualitatively different" from a constitutional due process sufficiency of evidence standard,[1] merely raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding such as this. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

    That is, the Due Process Clause does not provide relief for defendants whose convictions are

---

[1] S*ee Tibbs v. Florida,* 457 U.S. 31, 41-47 (1982), and *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (1997), *superseded by state constitutional amendment on other grounds in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997).

against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983).

In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence – as opposed to one based upon insufficient evidence – requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720 (1st Dist. Ohio 1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982).

Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court.

Therefore, petitioner's motion to withdraw Ground Four of the petition without prejudice to refiling is **DENIED,** and the undersigned hereby **RECOMMENDS** that Ground Four be denied on the merits as non-cognizable.

Ground Three of the petition alleges that petitioner was denied adequate and effective assistance of appellate counsel. (Doc. 1 at 7). If the Court were to grant the motion to withdraw Ground Three "without prejudice," any attempt to refile this claim in a subsequent petition would be barred by the one year statute of limitations governing habeas corpus petitions. *See* 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.[2] In addition, any subsequent petition would be

---

[2] The statute of limitations began running when petitioner's conviction became final on June 14, 2005, ninety days after the Supreme Court of Ohio's March 16, 2005 dismissal of his direct appeal, when the time period expired to file a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000), citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Ohio Dept. Of Rehabilitation and Correction*, 331 F. Supp.2d 605, 613 (N.D. Ohio 2004) (citing *Bell v. Maryland*, 378 U.S. 226, 232 (1964)). The statute

subject to dismissal or transfer to the United States Court of Appeals for the Sixth Circuit on the ground that it constitutes a "successive petition" which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244(b). Therefore, the granting of petitioner's motion may have consequences unintended by petitioner when he moved to withdraw Ground Three of the petition.

If the Court were to deny the motion to withdraw Ground Three, then petitioner's ineffective assistance of appellate counsel claim, as well as the entire petition, would be subject to dismissal because of petitioner's failure to exhaust this claim in state court.

In Ohio, claims of ineffective assistance of appellate counsel claims are raised in applications under Ohio R. App. P. 26(B). Petitioner has not filed a Rule 26(B) application, and the time for filing a timely application expired on February 15, 2005. Petitioner may still file an untimely Rule 26(B) application if he "shows good cause for filing at a later time." Therefore, petitioner still has a state remedy to exhaust his claim for ineffective assistance of counsel.

In view of this unexhausted claim, the petition is considered "mixed" with some claims exhausted and some unexhausted. Yet, this federal court may not adjudicate a mixed habeas corpus petition. *See* 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).[3]

Before the enactment of the AEDPA, district courts were directed to dismiss mixed petitions without prejudice and allow the petitioner to return to state court to present the unexhausted claims to that court in the first instance. *Rose,* 455 U.S. at 522. However, the petition in the instant case was filed after the enactment of the AEDPA, which imposes a one-year statute of limitations on the filing of federal petitions. *See* 28 U.S.C. § 2244(d)(1). Thus, if petitioner's timely-filed habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies, the renewed petition may be barred

---

of limitations expired one year later on June 14, 2006. Since that date has now passed, the filing of any subsequent habeas corpus action by petitioner would be untimely.

[3] *Rose v. Lundy*, 455 U.S. 509 (1982), requires the dismissal of "mixed" federal habeas corpus petitions to prevent piecemeal litigation of the petitioner's claims and to avoid federal courts ruling on unexhausted claims without first providing the state courts with the opportunity to adjudicate such claims.

from review by the applicable one-year statute of limitations.[4]

Rather than dismiss a habeas petition as unexhausted and run the risk of a statute of limitations bar, the district court has the discretion to stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court would lift the stay and allow the petitioner to proceed in federal court. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

The Supreme Court in *Rhines* recognized that "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts" and thus "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. The Court further held that "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. Thus, before the Court may stay the petition in the instant case, petitioner must first show he had good cause for his failure to exhaust his ineffective assistance of appellate counsel claim in the state court.

Since petitioner is proceeding *pro se* in this matter and may not have appreciated the consequences of withdrawing his Third Ground for relief "without prejudice," the Court shall **DENY** the motion to withdraw Ground Three of the petition and **GRANT** petitioner an **extension of time of twenty (20) days** to show good cause for his failure to exhaust his ineffective assistance of appellate counsel claim in the state court. If petitioner shows good cause for his failure to exhaust, the Court shall then determine whether a stay of this matter is warranted to allow petitioner to exhaust his

---

[4] While the running of the one-year statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review, *see* 28 U.S.C. § 2244(d)(2), petitioner's federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that would serve to toll the limitations period under § 2244(d)(2). *See Duncan v. Walker,* 533 U.S. 167 (2001).

ineffective assistance of appellate counsel claim in the state court.

## IT IS THEREFORE ORDERED THAT:

1.  Petitioner's motion to strike and/or withdraw Grounds Three and Four of the petition "without prejudice" (Doc. 7) is **DENIED**.

2.  Petitioner is **GRANTED** an extension of time of **twenty (20) days** from the date of this Order to show good cause for his failure to exhaust his ineffective assistance of appellate counsel claim in the state court.

## AND, FURTHER,
## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's Fourth Ground for relief set forth in the petition be denied on the merits as non-cognizable.


Date: 8/14/2006                              s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYAN WHITLOW,
    Petitioner

  vs                                                        Case No. 1:05cv716
                                                                     Dlott, J.
                                                                     Black, M.J.

ERNIE MOORE, WARDEN,
    Respondent

**NOTICE**

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  See Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).